NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL SOTO BARRIOS, | No. 17-72728 |
| Petitioner, | Agency No. A079-355-978 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 4, 2020[**]
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and CALDWELL,[***]
District Judge.

Paul Soto Barrios, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' (BIA) decision affirming an immigration judge's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

(IJ) denial of withholding of removal and protection under the Convention Against Torture (CAT). Barrios fears persecution by members of the Sinaloa drug cartel on account of his relationship to his father, whom Barrios believes was murdered by cartel members for allegedly serving as a police informant, as well as torture by local police in Tuxpan, Nayarit. We have jurisdiction under 8 U.S.C. § 1252, and we deny Barrios's petition.

Substantial evidence supports the agency's conclusion that Barrios failed to establish that it was more likely than not that he would be persecuted by the Sinaloa cartel in Mexico. *See Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019). As the IJ and BIA discussed, it is not entirely clear from the evidence in the record who killed Barrios's father or why. Plus, Barrios's father was killed in the United States, not Mexico, and there was no evidence that either Barrios or any of his family members were threatened or harmed by the Sinaloa cartel in Mexico since his father's death. Given these facts, the IJ and BIA agreed that Barrios's fear of persecution at the hands of the Sinaloa cartel was simply too speculative to qualify him for withholding. Ultimately, the agency's factual findings are conclusive, *see Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and the evidence in

2

the record does not compel a contrary result, *see Flores-Vega*, 932 F.3d at 886. Thus, Barrios's withholding claim fails.[1]

Substantial evidence also supports the agency's denial of Barrios's CAT claim. To be sure, the BIA first determined that Tuxpan police officers had tortured Barrios in 2014. That is significant because "'past torture is ordinarily the principal factor on which we rely when an applicant who has been previously tortured seeks relief under the Convention.'" *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1080 (9th Cir. 2015) (quoting *Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005)). Indeed, "absent changed circumstances, 'if an individual has been tortured and has escaped to another country, it is likely that he will be tortured again if returned to the site of his prior suffering.'" *Id.* (quoting *Nuru*, 404 F.3d at 1217–18). That said, the IJ and BIA carefully balanced this evidence of past torture against the other relevant evidence in the record and concluded that Barrios had not met his burden. *See* 8 C.F.R. § 1208.16(c)(2), (3).

With respect to the issue of internal relocation, the IJ observed that, after the incident in Tuxpan, Barrios moved to Tijuana, where the interactions he had with law enforcement largely involved questioning and a search of his vehicle; there was no evidence that he was arrested or physically harmed, let alone tortured. As for

---

[1] Although Barrios previously asserted other withholding claims, he has since waived those claims.

country conditions, the IJ discussed the U.S. Department of State's Human Rights Report for Mexico at length and pointed out that the Mexican government has taken some action against those who commit torture, including law enforcement officers. The IJ also found that the evidence did not show the existence of gross, flagrant, or mass human rights violations in Mexico. Finally, the IJ discussed evidence specific to Nayarit, the Mexican state where Barrios was harmed, and highlighted the fact that U.S. officials recently arrested Nayarit's former attorney general on federal drug charges. The IJ even cited statements from the Governor of Nayarit pledging to uphold public safety and ensure that the state is "one of the safest" in Mexico. The BIA then discussed the IJ's factual findings at length and determined that they were not clearly erroneous. *See Guerra v. Barr*, 951 F.3d 1128, 1133–34 (9th Cir. 2020) (explaining that the BIA only reviews the IJ's factual findings for clear error). The record simply does not compel a contrary conclusion. Therefore, Barrios's CAT claim also fails.[2]

**PETITION DENIED.**

---

[2] In assessing the overall risk of torture, the IJ also recognized that Barrios had not been harmed, threatened, or tortured in the past by the Sinaloa cartel. The BIA then noted that Barrios's CAT claim focused on his fear of the Mexican police and, in any event, he failed to demonstrate either that he would likely be tortured by cartel members or that Mexican officials would acquiesce to such harm. Barrios does not meaningfully challenge these findings in his opening brief to this Court, and, even if he did, he has not demonstrated any agency error justifying reversal.

4